## JONES v. SOVEREIGN CAMP, WOODMEN OF THE WORLD et al.

Circuit Court of Appeals, Fifth Circuit.
October 26, 1929.

No. 5594.

Stephen C. Upson, of Athens, Ga., and James T. Sisk, of Elberton, Ga., for appellant.

John L. Rendleman, Sr., of Salisbury, N. C., and William L. Erwin, of Athens, Ga., for appellees.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. The Sovereign Camp of the Woodmen of the World issued a policy or certificate of life insurance to James F. Ludwick, one of its members. The insured died, and the proceeds of the policy were claimed adversely by appellant as the named beneficiary, and by Ludwick's widow and minor children. The insurer was incorporated under the laws of Nebraska, but the policy in question was contracted for in the state of Georgia by virtue of a license to do business therein. Because of the conflicting claims to the insurance, the insurer filed a bill of interpleader and deposited the proceeds in the registry of the court for distribution to the claimant or claimants entitled by law to receive the same. The decree of the district court awarded those proceeds to the widow and children.

346

Under the laws of Georgia, the payment of a death benefit, issued by an organization such as is the insurer, is limited and confined to the wife, husband, children, and other relatives, or to persons dependent upon the insured. Park's Ann. Code of Georgia, § 2564 (v). Appellant, though designated as a cousin of the insured, was in fact not related to him. She now claims as a dependent, and sought to sustain that claim by testifying that she was engaged to marry the insured, and upon becoming so engaged, at his request, resigned employment by which she was earning a livelihood and relied upon him for support. She admitted that at the time she became engaged to marry the insured she knew that he had a wife living, but testified that his promise to marry her was conditional upon his obtaining a divorce. The insured filed a bill of divorce against his wife on the ground of desertion, but abandoned it when by her answer she denied the charge of desertion and made application for alimony.

The contract of insurance was a Georgia contract, and therefore is governed by the Georgia law, which prohibits recovery by appellant unless her testimony establish dependency upon the insured for support. As the insured was a married man, and that fact was known to appellant, his promise of marriage was void, because it was opposed to public policy; and this is so, even though the marriage agreed upon was not to occur unless and until the insured should obtain a divorce from his wife. 4 R. C. L. 145. The promise of marriage being void, we think it necessarily follows that appellant's claim of support as a dependent, which was based on the illegal agreement, was also void. Within the meaning of the policy a "dependent" is one who has a legal or moral right to support. It is argued that the insurer could waive ineligibility of the beneficiary, that it did so by filing its bill of interpleader and standing indifferent as between the claimants, and that no one other than the insurer could object to payment being made according to the terms of the policy. It may be assumed that the insurer could waive requirements of its own making, but we are of opinion that it could not waive restrictions as to beneficiaries imposed by the Georgia statute above cited. In our view appellant, who could not be classed as a person dependent upon the insured for support, and was not related to him, was not entitled to the fund in court and cannot complain of the award in favor of Ludwick's widow and children.

The decree is affirmed.